**UNITED STATES**

**v.**

**Airman First Class Adrian D. FULTON, United States Air Force.**

**ACM 33568.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 21 Dec. 1998.

Decided 4 Feb. 2000.

Appellate Counsel for Appellant: Colonel Theodore J. Fink, Colonel Jeanne M. Rueth, Captain Thomas R. Uiselt, Captain Tishlyn E. Taylor, and Captain Jeffrey B. Miller.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Major Jennifer R. Rider.

Before YOUNG, Senior Judge, SPISAK, Senior Judge, and WILCOX, Appellate Military Judge.

## OPINION OF THE COURT

SPISAK, Senior Judge:

A military judge convicted the appellant, in accordance with his pleas, of assault with a dangerous weapon and willfully discharging a firearm. Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934. His approved sentence consists of a bad-conduct discharge, confinement for 20 months, forfeiture of all pay and allowances, and reduction to E–1.

The appellant raises but one error for our consideration. He complains that the military judge erred when he denied the appellant's motion to dismiss the charges against him. He contends that the treatment he received while in pretrial confinement violated his rights under the United States Constitution, Article 13, UCMJ, Rule for Courts–Martial (R.C.M.) 304(f) and was so egregious that it warranted dismissal of the charges. We find no error and approve the findings and sentence.

## I. FACTS

After his apprehension for firing a 9–millimeter handgun at a car in the parking lot of an off-base restaurant near Sheppard Air Force Base (AFB), Texas, the appellant was placed in pretrial confinement at Dyess AFB, Texas. At trial, the appellant moved to dismiss the charges. He argued that he had been subjected to cruel and unusual pretrial punishment in violation of the Eighth Amendment of the United States Constitu-

tion, Articles 13 and 55, UCMJ, 10 U.S.C. §§ 813 and 855, R.C.M. 304(f), as well as an Air Force instruction and a Department of Defense directive.

The parties entered into an unusual stipulation of expected testimony that outlined what some 11 potential witnesses would say if called to testify about the appellant's pretrial confinement. Included among these potential witnesses were MSgt Mazurek, SrA Sherbert, SrA Moreland, and SrA Goins, all members of the corrections staff at Dyess AFB during the appellant's confinement. The witnesses would have testified that these staff members ordered the appellant: To refer to himself only as "Prisoner Bitch" or "Prisoner Jackass"; to strip naked in a public area; to do a strip-tease-like dance while naked; to threaten another prisoner with forcible sodomy; and, not to tell anyone about the treatment he received in confinement. These same witnesses would have testified that they and other corrections staff members: Tied the appellant's clothes into knots and threw them across the room; questioned the appellant about his sexual preferences in very graphic and offensive terms; threatened to tell the appellant's girlfriend that he had "turned queer"; threatened to have sexual relations with the appellant's girlfriend; threatened the appellant with forcible sodomy; ordered other prisoners to spit in one another's food; questioned the appellant about his offenses without advisement of his rights under Article 31, UCMJ, 10 U.S.C. § 831; told the appellant that they could take his life anytime they chose; repeatedly jumbled the interior of the appellant's cell after he had cleaned and organized it as required; frequently woke the appellant after lights out; and, sprayed the appellant with the contents of a Windex bottle.

In addition to the stipulated testimony, trial defense counsel called Lt Col Wayne Milgrim, Director of Air Force Corrections, to testify about the pretrial confinement conditions imposed on the appellant. Lt Col Milgrim testified that the actions of the corrections staff noted above, were "beyond anything [he had] seen in twenty-seven total years of police work."

## II. AUTHORITY OF A MILITARY JUDGE TO DISMISS CHARGES

█ When the military judge denied the motion to dismiss the charges, he concluded that "[t]he Manual for Court[s-]Martial does not authorize dismissal as a remedy for illegal pretrial confinement." Appellate defense counsel challenge this finding and assert that "trial judges are empowered to dismiss charges in cases when it is in the interest of justice."

The military judge apparently based his decision on the language of R.C.M. 907, which lists specific grounds for dismissal. That rule sets out nonwaivable and waivable grounds for dismissal. One of the waivable grounds is that prosecution is barred by "[p]rior punishment under Articles 13 or 15 for the same offense, if that offense was minor." R.C.M. 907(b)(2)(D)(iv). Nothing in the rule asserts that serious offenses may be dismissed because of violations of Article 13. This omission, no doubt, led to the military judge's conclusion that there was no authority in the *Manual* for dismissal in this case. However, appellate defense counsel ask that we consider the remarks of our superior court in *United States v. Nelson*, 39 C.M.R. 177, 1969 WL 5941 (C.M.A.1969), and find that the military judge erred in this ruling.

In *Nelson*, the Court of Military Appeals (CMA), now the United States Court of Appeals for the Armed Forces (USCAAF), found that Nelson had been subjected to punishment in violation of Article 13 because he was required to wear the same uniform and perform the same duties as convicted prisoners. Although they found that setting aside his punitive discharge was adequate relief in that case, the court said that dismissal of the charges "is not deemed appropriate under these circumstances." *Nelson*, 39 C.M.R. at 181. Thus, the appellant contends that, although the court did not then and has not since taken the drastic action of dismissing charges because an appellant suffered illegal pretrial punishment, it did acknowledge that it may be appropriate to do so in the right case.

The appellant also contends that other cases, not related to pretrial punishment, demonstrate that trial judges are not limited to the specific reasons for dismissal outlined in R.C.M. 907. For instance, he points out that in *United States v. Plumb*, 47 M.J. 771 (A.F.Ct.Crim.App.1997), this court dismissed charges after finding unlawful command influence that prejudiced the appellant's substantial rights. Finally, the appellant argues that other cases involving pretrial punishment indicate that military judges are empowered to fashion appropriate relief beyond what is set forth in the *Manual for Courts–Martial. See, United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983) (appropriate for military judge to order two-for-one credit for illegal pretrial confinement even though *Manual* provided no such remedy.) We agree. Although R.C.M. 907 sets forth "grounds for dismissal," there is nothing in the rule itself or in existing case law that indicates that this is an exhaustive or all-inclusive list.

However, it does not necessarily follow that dismissal is the appropriate remedy. Dismissal is not necessarily appropriate even where an appellant has been denied a significant constitutional right. Even in cases of severe infringement on the right to counsel, the Supreme Court has "implicitly recognized the necessity for preserving society's interest in the administration of criminal justice [and] that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morrison*, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).

We conclude that where no other remedy is appropriate, a military judge may, in the interest of justice, dismiss charges because of unlawful pretrial punishment, which violates Article 13. Having reached this conclusion, we must now determine whether or not an appropriate remedy short of dismissal was available here and, if so, whether the remedy framed by the military judge was adequate.

## III. CRUEL AND UNUSUAL PUNISHMENT

The appellant incorporates the legal arguments raised at trial as part of his brief before this court. At trial, he contended that

his treatment during his pretrial confinement at Dyess AFB constituted cruel and unusual punishment in violation of both Article 55, UCMJ, and the Eighth Amendment of the United States Constitution. However, the bulk of his argument centers upon the Eighth Amendment. Unfortunately for the appellant,

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.... [The] State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.

*Ingraham v. Wright,* 430 U.S. 651, 671, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). *See, Bell v. Wolfish,* 441 U.S. 520, 535, n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). *City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). *See also, Browning–Ferris Indus. of Vermont v. Kelco Disposal, Inc.,* 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989) (Eighth Amendment applies primarily, and possibly exclusively, to criminal prosecutions and punishments); *Powell v. Texas,* 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968) (The primary purpose of the cruel and unusual punishment clause has always been considered directed at the method or kind of punishment).

■ · The appellant more appropriately argued that his treatment violated Article 55, UCMJ. This article was specifically designed to protect military members from cruel and unusual punishment and is the proper ground upon which to raise such complaints. However, the appellant's contention suffers from the same flaw under Article 55 as it does under the Eighth Amendment. Like that Amendment, the Article 55 prohibitions against cruel and unusual punishment generally apply to post-conviction punishment. *United States v. Destefano,* 20 M.J. 347 (1985).

Therefore, neither the appellant's Eighth Amendment argument nor his Article 55 complaint supports his challenge to the military judge's decision. We, therefore, turn to Article 13 and a consideration of the credit given to determine whether or not the military judge abused his discretion.

## IV. ARTICLE 13, UCMJ

■ The ultimate issue of unlawful pretrial punishment "presents a 'mixed question of law and fact' qualifying for independent review." *Thompson v. Keohane,* 516 U.S. 99, 113, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995). *See, United States v. McCarthy,* 47 M.J. 162, 165 (1997). Therefore, we conduct a *de novo* review of such questions.

■ Article 13 prohibits two types of actions: (a) Pretrial detainees may not be punished or subjected to penalties before trial; (b) Conditions of pretrial detention may not be unduly rigorous. *Id.* When an appellant complains of illegal pretrial confinement or punishment, we ordinarily look for either an intent to punish or some legitimate, non-punitive government purpose behind the complained of actions. *United States v. Palmiter,* 20 M.J. 90 (C.M.A.1985). Here, however, the actions of the confinement staff were so egregious that we, the military judge, and even government counsel, are inescapably led to only one conclusion: The appellant was intentionally subjected to unduly rigorous conditions which cannot be supported by any legitimate government purpose.

■ Where Article 13 violations involve illegal pretrial punishment without confinement, the military judge must take those facts into consideration when determining an appropriate sentence. *See, United States v. Cruz,* 25 M.J. 326, 331 (C.M.A.1987). On the other hand, where the violation involves illegal pretrial punishment while in confinement, the remedy is administrative credit applied against the approved sentence. *U.S. v. Suzuki,* 14 M.J. 491 (co-mingling with convicted prisoners, administrative segregation until work waiver signed, and spartan cell conditions constituted illegal pretrial punishment). Similarly, when the pretrial confinement is legal at its inception, but later "involves ... unusually harsh circumstances" the military judge "may order additional credit for each day of pretrial confinement." R.C.M. 305(k).

After receiving evidence, hearing argument, and considering trial defense counsel's written motion, the military judge concluded:

[T]here has been illegal pretrial confinement in violation of Article 13 ... and Rule for Court–Martial 304. That time period between the 21st of August and the 3rd of December is 105 days. For that time period for the abuses that were leveled against this [appellant], I'll order three for one credit. In addition, I will note as is appropriate that in my sentencing consideration, I will also factor in those facts and determine an appropriate sentence. The total ... then is 440 days' credit.

While the military judge concluded that there had "been illegal pretrial confinement in this case," his terminology would have been more accurate had he said there had been "illegal pretrial punishment." Indeed, no abuse of discretion or other errors were alleged to have occurred during the administrative processing of the order to confine the appellant. R.C.M. 305. Rather, the allegations of violations of Article 13 and R.C.M. 304(f), which prohibit punishment of pretrial confinees, all center around the appellant's treatment during his otherwise lawful confinement. In recent years, our superior court has parroted the parties' incorrect references to "illegal pretrial confinement" when disposing of allegations of illegal punishment or unduly harsh conditions during pretrial confinement. *See United States v. Bruce,* 14 M.J. 254 (C.M.A.1982*); United States v. Davidson,* 14 M.J. 81 (C.M.A.1982). However, we believe it more accurate to call such treatment what it is, illegal pretrial punishment of one who is otherwise legally being held for trial. Nonetheless, we agree with the military judge that the treatment the appellant received during pretrial confinement amounted to punishment in violation of Article 13 and R.C.M. 304.

The military judge gave appropriate *Suzuki* and R.C.M. 305(k) credit, which the convening authority then applied against the approved sentence. In addition, as directed by *Cruz,* the military judge considered the pretrial punishment to which the appellant had been subjected when crafting an appropriate sentence for this accused. We must now determine whether the steps taken by the military judge were adequate.

The appellant relies on *United States v. Bayhand,* 21 C.M.R. 84, 1956 WL 4553 (C.M.A.1956), to support his contention that dismissal of charges is appropriate when severe violations of Article 13 occur. In *Bayhand,* the court dismissed charges based on Bayhand's having violated orders from his jailer. However, the basis for the dismissal was not that the pretrial confinement was unlawful, or that the orders were illegal pretrial punishment. Rather, the orders themselves were illegal. Additionally, unlike Bayhand, the appellant's crimes all took place before, not during, his pretrial confinement; and, his crimes were not merely refusal to obey unlawful orders, they involved firing a dangerous weapon into a car in a public area and endangering innocent by-standers. Such serious misconduct must not be excused. Were we to dismiss the charges, the public's interest in criminal justice and in deterring violence would not be vindicated. *Morrison,* 449 U.S. at 364, 101 S.Ct. 665. Therefore, we find that dismissal of the charges is not an appropriate remedy.

As already noted, the military judge both ordered administrative credit and considered the facts during his deliberations on an appropriate sentence. Moreover, at the appellant's request, the convening authority also considered the conditions of his pretrial confinement before approving the adjudged sentence. Finally, while we have the authority to disapprove the bad-conduct discharge, we are satisfied that such action is not warranted here. The illegal actions of the corrections staff do not change the serious and dangerous nature of the appellant's actions prior to his pretrial confinement. Although we find the treatment the appellant received at the hands of Air Force confinement personnel was deplorable, the military judge did not abuse his discretion when he refused to dismiss the charges.

## V. CONCLUSION

The findings are correct in law and fact, and no error prejudicial to the substantial rights of the accused occurred. Accordingly, the findings and sentence are

AFFIRMED.

Senior Judge YOUNG and Judge WILCOX concur.