IN THE CASE OF

UNITED STATES, Appellee

v.

Adrian D. FULTON, Airman First Class
U.S. Air Force, Appellant

No. 00-0412

Crim. App. No. 33568

United States Court of Appeals for the Armed Forces

Argued November 14, 2000

Decided June 11, 2001

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and SULLIVAN, GIERKE, and BAKER, JJ., joined.
CRAWFORD, C.J., filed a concurring opinion.


Counsel


For Appellant:  Major Maria A. Fried (argued); Lieutenant Colonel Timothy W.
Murphy (on brief); Colonel Jeanne M. Rueth, Major Jeffrey B. Miller, and
Major Thomas R. Uiselt.


For Appellee:  Major Jennifer R. Rider (argued); Colonel Anthony P. Dattilo
and Lieutenant Colonel Ronald A. Rodgers (on brief); Lieutenant Colonel
William B. Smith and Major Lance B. Sigmon.


Military Judge:  Gregory E. Pavlik


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.

<u>United States v. Fulton</u>, No. 00-0412/AF

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of assault with a dangerous weapon and willfully discharging a firearm, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934. He was sentenced to a bad-conduct discharge, confinement for 20 months, forfeiture of all pay and allowances, and reduction to E-1. Pursuant to the military judge's order, the convening authority awarded 440 days of credit towards confinement at the time of the action. The convening authority otherwise approved the sentence as adjudged, and the Court of Criminal Appeals affirmed. 52 MJ 767 (2000).

On appellant's petition, we granted review of the following issue:

> WHETHER THE AIR FORCE COURT OF CRIMINAL
> APPEALS ERRED WHEN IT FAILED TO REMAND
> APPELLANT'S CASE FOR FURTHER REVIEW AFTER IT
> FOUND THAT THE MILITARY JUDGE DID HAVE
> AUTHORITY TO DISMISS CHARGES AS A REMEDY FOR
> PRETRIAL PUNISHMENT.

For the reasons stated below, we affirm the decision of the Court of Criminal Appeals.

United States v. Fulton, No. 00-0412/AF

### I.    Background

At trial, appellant filed a motion to dismiss the charges under RCM 907, Manual for Courts-Martial, United States (2000 ed.), alleging illegal pretrial punishment in violation of Article 13, UCMJ, 10 USC § 813.  The military judge made detailed findings of fact substantially incorporating these allegations of maltreatment.[1]  After concluding that he did not have the authority to dismiss the charges as a remedy for illegal pretrial punishment, the military judge denied the motion to dismiss.

Subsequently, the military judge accepted appellant's pleas and entered findings of guilty.  He then determined that appellant should receive 440 days of credit as a result of his pretrial confinement.  Of that amount, he awarded: (1) a credit of 125 days for time spent in confinement, pursuant to United States v. Allen, 17 MJ 126 (CMA 1984), and (2) a credit of 315

---

[1] The pretrial punishment confirmed by the military judge's findings included the following conditions: appellant was continually required to refer to himself as "prisoner bitch" or "prisoner jackass"; during a prolonged strip search, appellant was questioned about his sexual orientation and was forced to refer to himself as homosexual in graphic and pejorative terms; appellant was forced to perform a naked "strip tease" dance in the presence of guards and other confinees; appellant was threatened with rape, sodomy, and assault; appellant was forced by a guard to provide the phone number of his fiancee; the guard then told appellant that he intended to have sexual intercourse with appellant's pregnant fiancee and to tell her that appellant had "turned queer" in confinement; and appellant was forced to watch and participate in the abuse of other confinees, including being ordered to threaten another confinee with rape.

days based upon his conclusion that appellant was subjected to illegal pretrial punishment in violation of Article 13 for a period of 105 days, warranting a three-for-one credit. He further noted that he would consider the fact of appellant's maltreatment as a relevant factor in making his sentencing determination.

## II. Discussion

### A. Availability of Dismissal as a Remedy for Illegal Pretrial Punishment

RCM 907(a) requires that a motion to dismiss be predicated on "grounds capable of resolution without trial of the general issue of guilt." Although illegal pretrial punishment is not listed under RCM 907(b) ("Grounds for dismissal include the following…"), that list is illustrative, not exclusive. Drafters' Analysis of RCM 907(b), Manual, supra at A21-54; see also 10 USC § 101(e)(4) ("includes" means "includes but is not limited to"); accord RCM 103(20).

The court below concluded that "where no other remedy is appropriate, a military judge may, in the interest of justice, dismiss charges because of unlawful pretrial punishment." 52 MJ at 769 (citing United States v. Nelson, 18 USCMA 177, 181, 39 CMR 177, 181 (1969), and United States v. Suzuki, 14 MJ 491 (CMA

4

1983)). We agree. We also agree with the observations of the court below that

> it does not necessarily follow that dismissal is the appropriate remedy. Dismissal is not necessarily appropriate even where an appellant has been denied a significant constitutional right. Even in cases of severe infringement on the right to counsel, the Supreme Court has "implicitly recognized the necessity for preserving society's interest in the administration of criminal justice [and] that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests."

Id. (quoting United States v. Morrison, 449 U.S. 361, 364 (1981)).


### B. Impact of Failure to Consider the Possibility of Dismissal

Because the military judge incorrectly analyzed the scope of his powers, we must consider whether his interpretation had a prejudicial impact on his consideration of a remedy for the illegal pretrial punishment imposed on appellant. See Art. 59(a), UCMJ, 10 USC § 859(a). Such an error would be prejudicial if we were to conclude: (1) that dismissal was the only appropriate remedy as a matter of law, or (2) that there was a reasonable likelihood the military judge would have considered dismissal as a remedy had he been aware that he had the discretion to dismiss charges.

5

United States v. Fulton, No. 00-0412/AF

With respect to whether dismissal of charges was required,
we note that the military judge in the present case fashioned a
significant remedy for the illegal pretrial punishment suffered
by appellant, granting three days of credit for every day of
confinement.  Appellant has cited no cases in either civilian or
military life where the type of illegal punishment imposed in
this case required dismissal of charges.  Dismissal of charges
is an extraordinary remedy.  We do not condone the illegal
punishment imposed upon appellant, but we agree with the court
below that, in the context of competing interests, dismissal was
not required as a matter of law.  See United States v. Morrison,
supra; cf. United States v. Villamil-Perez, 32 MJ 341, 343-44
(CMA 1991).  We conclude that the erroneous interpretation of
the law by the military judge did not cause him to deny
appellant a remedy required by law.

With respect to the impact of the erroneous interpretation
on the exercise of discretion by the military judge, we note
that the military judge had a number of options under his narrow
interpretation of the law that he could have used to impose a
greater remedy had he concluded that a three-for-one credit was
inadequate.  Such options included, for example, a sentence to
no confinement or a sentence to confinement equivalent to the
amount of time to be credited.  The fact that the military judge
chose not to impose a remedy greater than the three-for-one

6

confinement makes it clear that he did not consider the three-for one remedy inadequate and would not have chosen the most drastic remedy -- dismissal -- even had he been aware that it was an available option. Accordingly, we conclude that appellant was not prejudiced by the military judge's erroneous interpretation of the law.[2]

### III. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

[2] Chief Judge Crawford, in her separate opinion, urges that we adopt guidance governing the relationship between the doctrine of exhaustion of administrative remedies and the judicial remedy of dismissal. In the present case, we need not decide whether appellant exhausted his administrative remedies. We have emphasized that the judicial remedy of dismissal is appropriate only in extraordinary circumstances. There are numerous variables that might affect the availability of administrative remedies in other cases, and we can only speculate as to the variety of conditions that might constitute extraordinary circumstances in such cases. In that light, we decline to use the present case as a vehicle for adopting comprehensive guidance on this matter.

United States v. Fulton, No. 00-0412/AF

CRAWFORD, Chief Judge (concurring):

I join the majority in condemning the pretrial punishment administered to appellant and agreeing with the court below that extraordinary circumstances may require the imposition of extraordinary remedies, to include the dismissal of charges where no other reasonably appropriate remedy is available. However, where established remedies are available to vindicate a servicemember's rights, those remedies must be tried and exhausted before resorting to dismissal of the charges. See United States v. Williams, 504 U.S. 36, 46 (1992)(a court's supervisory power should not be used to prescribe nor enforce standards when other remedies are available); see also United States v. Miller, 46 MJ 248 (1997); United States v. Coffey, 38 MJ 290 (CMA 1993).

Reliance on dicta in United States v. Nelson, 18 USCMA 177, 181, 39 CMR 177, 181 (1969), that implies dismissal of the charges and specifications is an appropriate measure, without more, is misleading in light of more recent Supreme Court precedent, as well as the law of this Court. See Williams, supra; Bank of Nova Scotia v. United States, 487 U.S. 250 (1988); Miller, supra; Coffey, supra. A court should not use its supervisory authority to impose extraordinary remedies to vindicate wrongs unless the person allegedly wronged has sought,

and failed to obtain, reasonable, remedial relief through, e.g.,
command channels, either directly or under Article 138, UCMJ,
10 USC § 938; the Inspector General's Office; or the Chaplaincy.
If the command and staff offices have turned a blind eye toward
an egregious situation, dismissal of court-martial changes would
be warranted as an extraordinary measure.  However, we need not
determine whether this appellant exhausted his administrative
remedies to complain about and halt the abusive treatment to
which he was subjected in pretrial confinement because of the
trial judge's curative measures.  See, e.g., United States v.
Baldwin, 54 MJ 308, 311 n.4 (2001).