# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

---

**UNITED STATES**

**v.**

**Senior Airman KENNETH W. LAMBERT II**
**United States Air Force**

**ACM 38291**

**24 February 2014**

Sentence adjudged 11 December 2012 by GCM convened at Joint Base Langley-Eustis, Virginia. Military Judge: Joshua E. Kastenberg (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 10 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Lieutenant Colonel Maria A. Fried.

Appellate Counsel for the United States: Colonel Don M. Christensen; Captain Thomas J. Alford; and Gerald R. Bruce, Esquire.

Before

ORR, HARNEY, and SANTORO
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

SANTORO, Judge:

A military judge sitting alone as a general court-martial convicted the appellant, pursuant to his pleas, of three specifications of possession of visual depictions of children under 18 years of age engaged in sexually-explicit conduct (hereafter "child pornography") and one specification of communicating indecent language, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The adjudged and approved sentence consisted of

---

[1] The appellant initially pled guilty to one specification alleging the wrongful distribution of child pornography. However, after conducting the inquiry required by *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969), the military

a dishonorable discharge, confinement for 10 months, forfeiture of all pay and allowances, and reduction to E-1.

Before us, the appellant asserts: (1) His plea to communicating indecent language was improvident; (2) A new post-trial action is required; (3) The military judge abused his discretion by failing to provide a remedy for a violation of 18 U.S.C. § 3509(m); (4) His sentence is inappropriately severe; and (5) The specifications fail to state offenses because the terminal elements were charged, and findings entered, in the disjunctive. We disagree and affirm the findings and sentence.

*Background*

Between January and March 2010, the appellant used a peer-to-peer file sharing service called LimeWire to locate and download child pornography. He also had his LimeWire account configured to allow other users to download files from his computer. The appellant came to the attention of law enforcement when an undercover FBI agent downloaded child pornography from the appellant's LimeWire account.

During the investigation that followed, agents seized and analyzed the appellant's computer and various media. The analysis uncovered, and the appellant stipulated at trial to possessing, a total of nine images and one video recording of child pornography. Media analysis also uncovered a 27 February 2010 online chat between the appellant and someone using the screen name "w00dy222." The appellant and w00dy222 engaged in graphic descriptions of adults engaging in sexual intercourse with children, including a discussion about the rape of an 8-year-old girl.

Additional facts relevant to the disposition of the assigned errors are below.

*Providence of the Plea*

The appellant challenges the providence of his plea to communicating indecent language on three bases: (1) The communication was between two consenting adults during a private Internet chat; (2) The appellant fabricated the conversation to excite user "w00dy222"; and (3) The appellant did not admit sufficient facts to establish his conduct was prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces.

"[W]e review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). *See also United States v. Eberle*,

---

judge rejected his plea to that offense and found him guilty of possession of visual depictions of children under 18 years of age engaged in sexually-explicit conduct.

44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322. To assist our review, we consider the appellant's providence inquiry with the trial judge and apply all reasonable inferences therefrom. *United States v. Carr*, 65 M.J. 39, 41 (C.A.A.F. 2007). This is an area in which the military judge is entitled to much deference. *Inabinette*, 66 M.J. at 322 (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)). A military judge abuses his discretion when accepting a plea if he does not ensure the accused provides an adequate factual basis to support the plea during the providence inquiry. *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

The conduct at issue was charged as a violation of Article 134, UCMJ. This article has two elements: "(1) That the accused did or failed to do certain acts" (in this case, communicate indecent language orally or in writing to another person); and "(2) That, under the circumstances, the accused's conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces." *Manual for Courts-Martial, United States* (*MCM*), Part IV, ¶ 60.b. (2008 ed.). The conduct alleged was that the appellant, in writing, communicated the following indecent language in an online chat discussion about sex with an 8-year-old girl at a party: "[K]enny put the head of his [****] in, Ithink [sic] like atleast [sic] 6 or 7 guys [******] her" and "she was smiling or moaning the hole [sic] time."

We first address the appellant's argument that private consensual speech, even if indecent, is protected. Twenty years ago our superior court considered and rejected the argument that indecent language communicated between consenting adults was constitutionally protected in *United States v. Moore*, 38 M.J. 490, 492-93 (C.M.A. 1994). Without referencing this precedent that squarely addresses the issue, the appellant instead urges us to reject his plea by citing *United States v. Wilcox*, 66 M.J. 442 (C.A.A.F. 2008) and *United States v. Marcum*, 60 M.J. 198 (C.A.A.F. 2004).

In *Wilcox*, our superior court considered whether wrongfully advocating anti-government and disloyal statements, encouraging participation in extremist groups, and advocating racial intolerance could properly be considered conduct prejudicial to good order and discipline or service discrediting. Although the *Wilcox* Court found the conviction in that case could not stand, the decision turned on whether the appellant's speech was connected to the military mission or military environment and did not involve indecent language.[2] 66 M.J. at 449-51. However, even in *Wilcox*, the Court reiterated

---

[2] Indecent language is defined as:

> [T]hat which is grossly offensive to modesty, decency, or propriety, or shocks the moral sense, because of its vulgar, filthy, or disgusting nature, or its tendency to incite lustful thought.

that not all speech is protected: "[S]ome speech—e.g., dangerous speech, *obscenity*, or fighting words—is not protected by the First Amendment, regardless of the military or civilian status of the speaker." *Id.* at 447 (emphasis added).

*Marcum* applied the Supreme Court's holding in *Lawrence v. Texas*, 539 U.S. 558 (2003) to the military. Both *Lawrence* and *Marcum* were about conduct, not speech: "[W]hether the petitioners were free as adults to engage in the private conduct in the exercise of their liberty." *Marcum*, 60 M.J. at 203 (quoting *Lawrence*, 539 U.S. at 564) (internal quotation marks omitted). We see nothing either in *Lawrence* or *Marcum* to suggest that either is intended to address the bounds of free speech.

Thus, we conclude that the appellant's argument, rejected by *Moore*, finds no new support from *Lawrence*, *Wilcox*, or *Marcum*.

We next consider the appellant's argument that because he fabricated the conversation "to excite" w00dy222, his plea was improvident. The definition of indecent language does not require the uttered words to be true. An offense turns on whether the words were grossly offensive or shocked the moral sense. The appellant's assertion that he chose the words he did, whether truthful or not, to sexually excite the recipient fits squarely within the definition of indecent language: "Language is indecent if it tends reasonably to corrupt morals or incite libidinous thoughts." *MCM*, Part IV, ¶ 89.c.

Finally, the appellant argues that he did not admit facts sufficient to establish his conduct as being prejudicial to good order and discipline or service discrediting. Before accepting the appellant's plea, the military judge properly advised him of the requirement that his conduct be prejudicial to good order and discipline or service discrediting and correctly defined those terms. The appellant admitted under oath, both in a stipulation of fact and under questioning by the military judge, that his conduct was service discrediting. He told the military judge, "If anyone had found out that I was having this conversation or talking about the things that were mentioned and knew that I was in the Air Force [that individual] would definitely look upon the Air Force badly." He also replied in the affirmative when asked by the military judge whether his conduct was prejudicial to good order and discipline or service discrediting. We are satisfied that the appellant's plea is provident. *See United States v. Phillips*, 70 M.J. 161, 163 (C.A.A.F. 2011) (public need not actually be aware of the conduct for it to be service discrediting).

---

Language is indecent if it tends reasonably to corrupt morals or incite libidinous thoughts. The language must violate community standards.

*Manual for Courts-Martial, United States*, Part IV, ¶ 89.c. (2008 ed.). During the providence inquiry, the military judge advised the appellant of this definition of indecent language.

*Post-Trial Action*

The appellant next contends that a new post-trial action is warranted because the court-martial order (CMO) erroneously indicates that the appellant was convicted of distributing child pornography.

There are two CMOs in the record of trial, both dated 1 March 2013. One CMO erroneously states the appellant was convicted of wrongful distribution of child pornography when, as indicated above, the military judge rejected the appellant's plea to that offense and instead accepted a plea of guilty to possession of child pornography. The other correctly states the findings of the court-martial. In its reply brief, the Government attached a copy of the second, accurate, CMO and argued it appeared to be the actual, official, CMO. However, the CMO that reflects the court-martial's findings does not comport with Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10 (6 June 2013), which requires language identifying it as a corrected copy of the original and appropriate markings to indicated any deleted and added matters. Therefore, we order the completion of a corrected CMO.

That does not resolve the issue, however, as the appellant also asserts that had the convening authority been correctly advised that he had not been convicted of distribution, but rather possession, of child pornography, the convening authority might have been more inclined to grant clemency. We recognize that the convening authority is the appellant's best hope for clemency relief. *United States v. Bono*, 26 M.J. 240, 243 n.3 (C.M.A. 1988) (citing *United States v. Wilson*, 26 C.M.R. 3, 6 (C.M.A. 1958)).

Prior to taking action on the case (and prior to the publication of the CMO), the convening authority received the advice of his staff judge advocate (SJA), which contained an Air Force Form 1359 (hereinafter "Report of Trial"). The Report of Trial accurately reflected the court-martial's findings and neither the Report of Trial nor the SJA's advice made any mention of a distribution conviction. Moreover, the defense clemency submission made clear that the appellant was only convicted of "possession of child pornography and communicating indecent language." We find no prejudice to the appellant and decline to order any remedy beyond the publication of a corrected CMO.

*Violation of 18 U.S.C. § 3509(m)[3]*

During the investigation into the appellant's conduct, the Government attempted to recover images from the appellant's computer media. Military investigators sent two of the appellant's hard drives suspected of containing child pornography to a civilian laboratory with expertise in data recovery. The civilian laboratory recovered data from

---

[3] As amended by Adam Walsh Child Protection Safety Act of 2006, Pub. L. No. 109-248, § 504, 120 Stat. 587, 629.

the drives, identified the files suspected of containing contraband, and returned the evidence to the military.

The appellant avers that the use of the civilian laboratory, coupled with the Government's subsequent rejection of the appellant's request for a duplicate copy of the evidence for his own analysis, violated 18 U.S.C. § 3509(m). At trial, although the appellant moved to suppress the affected evidence, he entered unconditional guilty pleas prior to the military judge's ruling on the motion.

Before us, the appellant renews his assertion that the Government's conduct violated this section and asks us to exercise our supervisory power[4] both to deter future Government misconduct and provide him relief. Unlike his motion at trial, before us the appellant asks for no specific relief; he merely asks that we "provide for an appropriate remedy to deter future violations."

Section 3509(m) of Title 18, United States Code, states:

(m) Prohibition on reproduction of child pornography.--

(1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.

(2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.

(B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

---

[4] The parties dispute the basis and scope of a military court's supervisory power. The appellant argues that our superior court has noted such a "supervisory power" exists but, as the basis for this assertion, cites to a footnote in a concurring opinion, which itself cites not to the holding of a military court but rather an appellate brief. *United States v. Leak*, 61 M.J. 234, 250 n.6 (C.A.A.F. 2005) (Gierke, C.J., concurring in part and dissenting in part). For its part, the Government erroneously cited a concurring opinion as the holding of our superior court in *United States v. Fulton*, 55 M.J. 88, 90 (C.A.A.F. 2001) (Crawford, C.J., concurring). Our resolution of this issue on other grounds makes unnecessary further discussion of whether, and to what extent, we may exercise general supervisory power over the military justice system.

The appellant's unconditional guilty plea waives appellate challenge to a trial judge's ruling on a motion to suppress. Rule for Courts-Martial 910(j). *See United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010) ("An unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings."); *United States v. Hinojosa*, 33 M.J. 353 (C.M.A. 1991) (an unconditional guilty plea forecloses appellate relief from an unsuccessful suppression motion). Although the appellant argues the affected specification would ultimately have been dismissed had the military judge granted his motion to suppress, the appellant nonetheless decided to enter his guilty plea prior to the judge's ruling. The entry of the guilty plea mooted the issue and the trial judge never ruled on the motion.[5]

Because we find the appellant's unconditional guilty plea extinguished his ability to raise this issue on appeal, we need not address the applicability 18 U.S.C. § 3509(m) nor any remedies that may exist due to potential a violation of that section.

*Sentence Severity*

The appellant next argues that his sentence to a dishonorable discharge was inappropriately severe. This Court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006); *United States v. Baier*, 60 M.J. 382, 383-84 (C.A.A.F. 2005). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We assess sentence appropriateness by considering the appellant, his record of service the nature and seriousness of the offenses, and all matters contained in the record of trial. *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (2007). *See also United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

After reviewing the evidence and giving individualized consideration to the appellant and his record of service, as well as to the nature of the charges and record of trial, we conclude that a dishonorable discharge is not inappropriately severe.

*Failure to State an Offense*

All four specifications to which the appellant pled guilty alleged that the conduct was "to the prejudice of good order and discipline in the armed forces *or* of a nature to bring discredit upon the armed forces." (emphasis added). The military judge entered findings consistent with the charged language. The appellant argues that because the

---

[5] After entry of pleas, but before the pleas were accepted, the military judge told the parties that had he ruled on the defense motion, he would have denied relief. Even after this statement, the appellant made no effort to withdraw his unconditional plea in favor of a conditional plea.

nature of the conduct was charged in the disjunctive (using the word "or") and the findings of guilt were also in the disjunctive, the specifications fail to state offenses.

While the appellant's unconditional guilty plea does not waive appellate review of whether a specification states an offense, our superior court has held that when an Article 134, UCMJ, specification fails to allege the terminal element (i.e., whether the conduct was prejudicial or discrediting), the error is not structural but rather should be tested for prejudice. *United States v. Gaskins*, 72 M.J. 225, 234 (C.A.A.F. 2013).

The appellant was on notice of the Government's theories of criminality. He admitted, both in a stipulation of fact and during the providence inquiry, that his conduct with respect to each child pornography specification was *both* prejudicial to good order and discipline and service discrediting. With respect to the indecent language specification, the appellant admitted in a stipulation of fact that his conduct was service discrediting and responded in the affirmative when asked by the military judge whether his conduct was prejudicial or service discrediting. We therefore conclude that any errors in the Article 134, UCMJ, specifications were cured. *Gaskins*, 72 M.J. at 235.

## Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

8                                                                                          ACM 38291