# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32717 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Quincy A. JONES**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 27 February 2023

———————————

*Military Judge:* Shad R. Kidd.

*Sentence:* Sentence adjudged on 17 June 2021 by SpCM convened at Tinker Air Force Base, Oklahoma. Sentence entered by military judge on 6 August 2021 and reentered on 16 November 2022: Bad-conduct discharge, confinement for 8 months, forfeiture of $1,721.00 pay per month for 8 months, reduction to E-1, and a reprimand.

*For Appellant:* Major Theresa L. Hilton, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major Joshua M. Austin, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before KEY, ANNEXSTAD and GRUEN, *Appellate Military Judges.*

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge KEY and Judge GRUEN joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

ANNEXSTAD, Judge:

On 17 June 2021, a military judge sitting as a special court-martial at Tinker Air Force Base, Oklahoma, convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of four specifications of domestic violence in violation of Article 128b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928b.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for eight months, forfeiture of $1,721.00 pay per month for eight months, reduction to the grade of E-1, and a reprimand.

This case is before this court a second time. Appellant initially submitted his case for our review and raised three issues: (1) that the convening authority's action was erroneous because the convening authority's intent on Appellant's adjudged reduction in grade was not clear; (2) that the conditions of Appellant's pretrial confinement violated Article 13, UCMJ, 10 U.S.C. § 813, Article 55, UCMJ, 10 U.S.C. § 855, and the Eighth Amendment;[2] and (3) that Appellant's sentence was inappropriately severe.[3]

Regarding the first issue, the Government agreed that "[d]ue to the ambiguity surrounding the convening authority's intent in this case," returning the case to the convening authority was appropriate. On 7 November 2022, we agreed, and remanded the case to the Chief Trial Judge, Air Force Trial Judiciary, to correct the record under Rule for Courts-Martial 1112(d) to resolve a substantial issue with the post-trial processing. *United States v. Jones*, No. ACM S32717, 2022 CCA LEXIS 652, at *4 (A.F. Ct. Crim. App. 7 Nov. 2022) (order). We find that the corrected entry of judgment, dated 16 November 2022, clearly reflects the convening authority's intent and corrects the substantial issue with the post-trial processing. We now turn our attention to the two issues personally raised by Appellant.

As to Appellant's second issue, we find it does not warrant further discussion or relief.[4] *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

---

[1] References to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] U.S. CONST. amend. VIII.

[3] Issues (2) and (3) were personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] Appellant's claim for relief based on the conditions of his pretrial confinement under Article 13, UCMJ, was waived during his guilty plea. *See United States v. Gladue,* 67 M.J. 311, 313 (C.A.A.F. 2009) (noting that when an appellant intentionally waives a known right at trial, "it is extinguished and may not be raised on appeal"); *see also United States v. McFadyen*, 51 M.J. 289, 290–91 (C.A.A.F. 1999) (noting that an ac-

Finding no error that materially prejudiced a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty in December 2017 and was assigned to Tinker Air Force Base (AFB), Oklahoma, as an aircraft maintainer. At the time of the offenses, he lived on base with his wife BD and three children. At the time of the first offense, his daughter AJ was 16 years old, his son AD was 8 years old, and his son AAJ was six months old. The offenses to which Appellant pleaded guilty stem from two separate incidents where Appellant violently assaulted members of his family.

The first incident occurred on 27 March 2019 and involved Appellant's wife. That evening, Appellant was getting ready to work his overnight shift when he and BD began arguing on a matter regarding their daughter AJ. The argument started in the bathroom then moved to the couple's bedroom, where it turned physical. Appellant, frustrated that BD had slammed the bedroom door, pushed BD back on the bed, and forcibly pressed his arm against her upper chest area and face for approximately 30 seconds, forming the basis for one of the four specifications of domestic violence. In the stipulation of fact, which was admitted as a prosecution exhibit during his guilty plea, Appellant agreed that BD would have testified that while he was pressing his arm against her chest and face, he called her a "b[**]ch" and told her that he "didn't care" that he was assaulting her. After removing his arm from BD, Appellant left the room, walked into the bathroom, and closed the door. BD followed him to the bathroom, and they continued to argue. Appellant then pushed past BD and left the bathroom. BD responded by hitting Appellant in the head. At this point, Appellant pushed BD to the ground and wrapped his arm around her head. Appellant's son AD came out of his room and yelled at the couple to stop. BD then took AD into her bedroom and called 911.

The second incident occurred on 11 September 2020 and involved Appellant's daughter. Appellant had recently injured his leg at work and had limited mobility. While he was sitting in a chair in his living room, Appellant got into an argument with his daughter AJ, regarding her help in finding a video game

---

cused may waive his or her right to make a motion under Article 13, UCMJ, for unlawful pretrial punishment). Likewise, Appellant is not entitled to relief for cruel and unusual punishment in pretrial confinement under Article 55, UCMJ, and the Eighth Amendment, as those remedies generally apply to post-conviction punishment. *See United States v. Fulton*, 52 M.J. 767, 770 (A.F. Ct. Crim. App. 2000); *see also United States v. Destefano*, 20 M.J. 347, 349 (C.M.A. 1985) (Eighth Amendment and Article 55, UCMJ, generally refer to punishment following conviction).

controller for her younger brother. During the argument, Appellant aggressively got up from his chair and stood close to AJ. His actions caused AJ to push Appellant away. In response, Appellant grabbed AJ and the two fell to the floor. Appellant was laying on top of AJ's legs. While on the floor, Appellant struck AJ in the face multiple times with an open hand, and then also struck AJ in the torso multiple times with a closed fist—these acts formed the basis for two of the four specifications of domestic violence. A short while later, after Appellant had taken AJ's phone from her, the argument continued and again turned physical. Appellant aggressively followed AJ into the kitchen, where they began to wrestle for the phone; eventually, they both ended up on the floor. While on the floor, Appellant grabbed AJ by the throat and strangled her for approximately three seconds, causing AJ to make choking noises and urinate on herself and the floor, forming the basis for the fourth specification of domestic violence. Appellant then instructed AJ to leave the house. When AJ started to walk away, Appellant grabbed her by her hair and dragged her to the front door. AJ then walked a couple of blocks away and called BD, who told her to report the incident—which AJ did by calling 911. Subsequently, AJ was taken to the emergency room and was discharged a couple of hours later.

## II. DISCUSSION

Appellant argues that his sentence to eight months of confinement is inappropriately severe. Specifically, Appellant contends that his sentence failed to take into account the extenuating circumstances leading up to the conduct for which he was convicted; his strong rehabilitative potential; and the compelling mitigation evidence from his sister detailing her diagnosis of an aggressive form of cancer at the time of the court-martial, requiring Appellant's assistance with her own and their mother's care. We are not persuaded by Appellant's arguments and find that the sentence is not inappropriately severe.

During presentencing, the Government introduced the Appellant's personal data sheet and enlisted performance reports. The military judge also accepted a victim impact statement from BD, in which she described how Appellant's actions significantly impacted their family in a negative way. Appellant, meanwhile, presented character letters addressing his rehabilitative potential. These statements included letters from his supervisor, a subordinate, and a work colleague, all speaking to Appellant's strong work performance and future potential. Appellant also presented certificates and other information concerning his completion of courses on healthy thinking, and anger and stress management. Furthermore, Appellant presented additional documentation regarding his stress and anger management-related counseling. Finally, Appellant introduced what he describes as compelling mitigation evidence from his sister.

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citation omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (quoting *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). While we have great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We have considered the nature and seriousness of the offenses and have given individualized consideration to Appellant, including his upbringing, record of service, acceptance of responsibility, and pleas of guilty. We have also considered the materials offered by Appellant during presentencing. We find that eight months of confinement is not an inappropriately severe punishment for Appellant physically assaulting his wife and teenage daughter. These assaults included Appellant strangling his teenage daughter AJ, to the point that she made choking noises and urinated on herself and the kitchen floor. Although we have broad discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *See id.* After careful consideration of Appellant's arguments and the matters contained in the record of trial, we conclude the sentence is not inappropriately severe.

### III. CONCLUSION

The findings and sentence as entered on 16 November 2022 are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court